IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRELIJAH J. MUHAMMAD,            *
                                *
        Petitioner,             *
                                *
vs.                             *    CIVIL ACTION NO. 18-00170-KD-B
                                *
RAY NORRIS,                     *
                                *
        Respondent.             *


## REPORT AND RECOMMENDATION

Petitioner Drelijah J. Muhammad[1] filed a petition ostensibly seeking relief under 28 U.S.C. § 2241.[2] (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR (72(a)(2)(R) for appropriate action. Because Muhammad has failed to prosecute and to comply with the Court's Orders dated April 24, 2018 (doc. 2), May 21, 2018 (doc. 7), and June 13, 2018 (doc. 9), it is recommended that this action be **dismissed** without prejudice.

---

[1] Petitioner, a frequent litigant before this Court, utilizes a variety of aliases. However, the Alabama Department of Corrections lists Petitioner's legal name as Marcus Taite, AIS No. 180664.

[2] The basis for Muhammad's petition is unclear, as the petition consists of twenty (20) pages of rambling assertions, along with a thirteen (13) page supplement, most of which is near impossible to decipher. However, within the petition, Muhammad mentions 28 U.S.C. §§ 2241 and 2254. (See Doc. 1 at 2). Because it does not appear that Muhammad is seeking post-conviction relief from a state court conviction, § 2254 would not be applicable to his claims. Accordingly, the Court has construed his petition as arising under § 2241.

Muhammad filed his petition on March 30, 2018, while incarcerated at the Clarke County Jail. (Doc. 1). A review of Muhammad's petition reflects that it is not on the form required by this Court for actions arising under 28 U.S.C. § 2241. Further, a review of the docket reflects that, at the time Muhammad filed this action, he did not pay the $5.00 statutory filing fee, nor did he file a motion to proceed without prepayment of fees. Accordingly, in an order dated April 24, 2018, the Court directed Muhammad to re-file his complaint on the Court's form for actions arising under 28 U.S.C. § 2241, and to pay the statutory filing fee or file a motion to proceed without prepayment of fees by May 21, 2018. (Doc. 2).

On May 17, 2018, Muhammad's copy of the Court's order dated April 24, 2018 was returned as undeliverable; however, in the interim, he paid the $5.00 filing fee on May 3, 2018. (Docs. 3, 6). Further, prior to the return of Muhammad's copy of the Court's order dated April 24, 2018, he advised the Court that he had been transferred from the Clarke County Jail to a new institution, Kilby Correctional Facility. (Doc. 5). Accordingly, on May 21, 2018, the Court issued an order again directing Muhammad to refile his petition on the form required by the Court for actions arising under 28 U.S.C. § 2241. (Doc. 7). Although the May 21st order was addressed to Muhammad at the last address he provided, it was

2

returned to the Court as undeliverable on June 12, 2018. (Doc. 8). A search of the website for the Alabama Department of Corrections revealed that Muhammad had again been transferred to a new institution, namely Bibb County Correctional Center. However, Muhammad neglected to advise the Court of the change in his address. Thus, on June 13, 2018, the Court issued a third order once again directing Muhammad to re-file his complaint on the form required by this Court for actions arising under 28 U.S.C. § 2241. Muhammad was directed to comply with the Court's order no later than July 13, 2018, and was cautioned that failure to do so would result in the dismissal of his action. (Doc. 9). Muhammad has not re-filed his petition as directed, and his copy of the order dated June 13, 2018, which was mailed to him at the Bibb County Facility, has not been returned as undeliverable.

Accordingly, due to Muhammad's failure to comply with the Court's orders dated April 24, 2018 (doc. 2), May 21, 2018 (doc. 7), and June 13, 2018 (doc. 9), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack

of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written

objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **July, 2018.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**